UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEVON TERRELL ABNEY,                              Case No. 4:23-cv-11790

    Plaintiff,                                            F. Kay Behm
v.                                                             United States District Judge

CITY OF DETROIT and CURTIS D.
MORRIS,

    Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION
FOR RELIEF FROM JUDGMENT (ECF No. 6)**

**I.    PROCEDURAL HISTORY**

Plaintiff DeVon Terrell Abney, proceeding *pro se*, filed a complaint against the City of Detroit and Officer Curtis D. Morris on July 25, 2023.  (ECF No. 1). Plaintiff argues his case "arises out of one (1) incident of defendant City of Detroit Police Officer violation of Plaintiff Abney clearly established constitution rights in the city of Detroit, State of Michigan." *Id.*, PageID.5.  Plaintiff further argues:

> Defendant, City of Detroit a Municipal Corporation Police Officer violate Plaintiff clearly established constitutionally protected rights to be free from deprivation of life and liberty was infringed upon incident date of July 25, 2020, constitute federal justice of judicial order in the Plaintiff favor and not the Defendants.

1

*Id.*, PageID.12.  Plaintiff requests damages "in excess of seventy-five thousand ($75,000)," as well as "punitive damages; exemplary damages and *pro se* fees" in the amount of "fourteen (14) million dollars."  *Id.*, PageID.7, 13.

On August 23, 2023, the court entered an order granting Plaintiff's application to proceed *in forma pauperis* and dismissing Plaintiff's complaint without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e).  (ECF No. 5).  On September 20, 2023, Plaintiff filed the present motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).  (ECF No. 6).  For the reasons stated below, Plaintiff's motion is **DENIED.**

**II.   ANALYSIS**

Under Fed. R. Civ. P. 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;

2

>      (5) the judgment has been satisfied, released, or
>          discharged; it is based on an earlier judgment that
>          has been reversed or vacated; or applying it
>          prospectively is no longer equitable; or
>      (6) any other reason that justifies relief.

The party seeking to invoke Rule 60(b) bears the burden of establishing that its prerequisites are satisfied. *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). A Rule 60(b) motion is properly denied where the movant attempts to use the motion to relitigate the merits of a claim or merely rephrases the allegations included in the original complaint. *Dillard v. Burt*, No. CIV.A 03-71269-DT, 2010 WL 431755, at *2 (E.D. Mich. Feb. 2, 2010) (citing *Miles v. Straub*, 90 F. App'x 456, 458 (6th Cir. 2004); *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004)).

Plaintiff now argues he is entitled to relief from judgment because "[his] complaint does cross the line from 'conceivable to plausible,' and can proceed with additional specific details about the plaintiff's federal question," and asks the court for leave to amend his complaint "to bring 'genuine' claims" under a number of federal statutes. (ECF No. 6, PageID.35, 40). However, Plaintiff's motion fails to demonstrate that he is entitled to relief from judgment based on any of the factors located in Fed. R. Civ. P. 60(b). He correctly argues that the pleadings of pro se litigants must be liberally construed and "[held] to less

stringent standards than formal pleadings drafted by lawyers," but again fails to provide any information that would "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To the extent Plaintiff argues he is entitled to amend his complaint at this stage, the court cannot find any case law to support a finding that parties are entitled to amend their complaint after a case has already been screened pursuant to 28 U.S.C. § 1915(e) and dismissed for failure to state a claim.

As such, Plaintiff has not demonstrated he is entitled to relief from the court's judgment and his motion is **DENIED**. The court's judgment stands, and Plaintiff's claims are dismissed *without prejudice*. If Plaintiff seeks to litigate these claims he may file another action with this court, but this case remains closed.

**SO ORDERED**.

Date: April 12, 2024       s/ F. Kay Behm
                           F. Kay Behm
                           United States District Judge