UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEVON TERRELL ABNEY,　　　　　　　　　　Case No. 4:23-cv-11790

　　　　Plaintiff,　　　　　　　　　　　　　　　　F. Kay Behm
v.　　　　　　　　　　　　　　　　　　　　　　United States District Judge

CITY OF DETROIT and CURTIS D.
MORRIS,

　　　　Defendants.
_____ /

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF No. 8)**

　　　　Plaintiff DeVon Terrell Abney, proceeding *pro se*, filed a complaint against the City of Detroit and Officer Curtis D. Morris on July 25, 2023.  (ECF No. 1).  On August 23, 2023, the court entered an Order granting Plaintiff's application to proceed *in forma pauperis* and dismissing Plaintiff's complaint without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e).  (ECF No. 5).  On September 20, 2023, Plaintiff filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).  (ECF No. 6).  The court denied this motion on April 12, 2024, finding it failed to demonstrate that Plaintiff was entitled to relief from the court's judgment.  (ECF No. 7).

1

On May 13, 2024, Plaintiff filed the present "Motion to Reconsideration [sic] for a Relief from Judgment Pursuant to FRCP 57; 28 U.S. Code 2201." (ECF No. 8).  Plaintiff's motion raises essentially the same arguments as his motion for relief from judgment, including that he "received severe physical injury by defendants" and he "can produce admissible evidence to support th[is] fact."  *Id.*, PageID.49, 51.  Plaintiff's motion also appears to rely on three separate bases for relief: (a) reconsideration of the court's decision pursuant to Eastern District of Michigan Local Rule 7.1(h); (b) relief from judgment pursuant to Federal Rule of Civil Procedure 60(b); and a declaratory judgment pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201.  *Id.*, PageID.46.  Motions for reconsideration in this court are governed by E.D. Mich. LR 7.1(h).  Under that rule, parties may seek reconsideration of non-final orders within 14 days of their entry.  E.D. Mich. LR 7.1(h)(1).  "Parties seeking reconsideration of final orders or judgments must file a motion under Federal Rule of Civil Procedure 59(e) or 60(b)."  *Id.*  Because the court's August 23, 2023 and April 12, 2024 Orders were both final, Plaintiff is not entitled to reconsideration under this rule.  *Id.*  Plaintiff is also not entitled to relief from judgment under Fed. R. Civ. P. 60(b), as he has already brought a motion under this section which raised substantively identical arguments and was denied by the court on April 12, 2024.  (*See* ECF No. 6, 7).

Finally, Plaintiff is not entitled to a declaratory judgment under Fed. R. Civ. P. 57 or 28 U.S.C. § 2201, as his case was dismissed on August 23, 2023 and is formally closed.

For these reasons, the court's judgment stands, Plaintiff's case remains closed, and the pending motion is **DENIED.** As stated in the court's earlier Orders, Plaintiff's claims are dismissed *without prejudice*. As such, if Plaintiff seeks to continue litigating these claims, he may file another action with this court.

**SO ORDERED**.

Date: July 25, 2024                                     s/F. Kay Behm
                                                        F. Kay Behm
                                                        United States District Judge